IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**TERRINICA N. MOSS,**

    **Plaintiff,**

vs.                                              Case No. 4:12cv103-RH/CAS

**CAPITAL REGIONAL
MEDICAL CENTER, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this civil rights case on March 6, 2012. Plaintiff's complaint asserted claims pursuant to 42 U.S.C. § 2000e, *et seq*, the employment discrimination statutes, as well as a state law claim under the Florida Civil Rights Act (hereinafter FCRA).  Doc. 1, p. 11.  Plaintiff alleged discrimination based on race, disparate treatment, and retaliation.  *Id.*  Plaintiff also claimed that the Defendants' actions "were unlawful and intentional discrimination in violation of 42 U.S.C. § 1981a."[1]

---

[1] The statute provides: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens,

*Id.*, at 12.  Thus, Plaintiff's claims were brought both as Title VII[2] employment discrimination claims and under § 1981 of the Civil Rights Act as well as the separate state law claim for retaliation.  As Plaintiff paid the filing fee at case initiation, the Court directed service of the complaint.  Doc. 3.  Summons were issued, doc. 4, and waivers of service were returned on April 25, 2012.  Docs. 7-10.  Defendants filed a motion to dismiss, doc. 11, and Plaintiff has filed a response in opposition to the motion.  Doc. 13.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009), *quoting* Twombly, 550 U.S. at 570, 127 S.Ct. 1955.[3]  "A claim has facial plausibility when the plaintiff pleads factual content that

---

and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."  42 U.S.C. § 1981(a).

[2] Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).

[3] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, *quoting* Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827 (1989).

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949, *citing* Twombly, 550 at 556; *see also* Speaker v. U.S. Dept. of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 at 556.  A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 at 557.  The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

**Motion to Dismiss**

Defendants' motion to dismiss raises several reasons for dismissal.  Doc. 11. Defendants advise that Plaintiff has not exhausted the administrative process and, thus, she cannot proceed on her claim brought pursuant to the Florida Civil Rights Act.  *Id.* at 2-3.  Additionally, Defendants move to dismiss the claims against the individually named Defendants because there is no individual liability under Title VII or the FCRA.  *Id.* at 4. It is also asserted that some of Plaintiff's claims are time barred in that the events took place more than 300 days prior to Plaintiff's filing of the administrative charge.  *Id.* at 5.

Finally, Defendants contend that Plaintiff's claim for racial discrimination is barred because her administrative charge of discrimination listed only a claim for retaliation. *Id.* at 6-7.

**Plaintiff's Response**

Plaintiff has responded and contends that the retaliation against her "began in response to the Plaintiff's filing of a claim of racial discrimination and wrongful termination . . . ." *Id.* at 1. Plaintiff argues that the individual Defendants "are employees being sued in an official capacity, not in an individual capacity." *Id.* at 2. Plaintiff also states that the events of this action should be "viewed through the entire term of the retaliatory process in order to gain understanding of the connection of those retaliatory actions to the Plaintiff's initial claim of racial discrimination." *Id.* Plaintiff contends she exhausted administrative remedies because she "received a Dismissal and Notice of Rights from the EEOC" advising her that she must bring suit within 90 days. *Id.* at 3. Plaintiff contends that "[e]xtreme delays in reaching resolution by the state of Florida should not deny the Plaintiff of her right to sue in federal court." *Id.* Plaintiff also states that her claim for racial discrimination should not be dismissed for failure to use that "exact term." *Id.*

**Analysis**

    **Racial Discrimination**

Attached to Defendant's motion to dismiss is Plaintiff's "Employment Complaint of Discrimination." Doc. 11-1 (Ex. A).[4] Plaintiff checked only the box for retaliation, and

---

[4] Analysis of a motion to dismiss is generally limited to the face of the complaint and any attachments. Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1368-69 (11th Cir. 1997). "However, where the plaintiff refers to certain

her supporting statement of reasons advised that Plaintiff had "filed a discrimination claim internally" two years prior, and since then, she had "received retaliation in multiple forms." *Id.* Furthermore, within the complaint itself, Plaintiff stated that "on December 14, 2010, the Plaintiff filed a complaint with the Florida Commission of Human [R]elations for retaliation." Doc. 1, at 10. Because Plaintiff's statement of discrimination supports only a claim of retaliation, that was the only box that was checked on the form, and because Plaintiff acknowledges within the complaint that her FCHR complaint was for retaliation, this case must be limited to a claim of retaliation. Defendants' motion to dismiss the claim for racial discrimination must be granted.

**State Law Claim**

Plaintiff filed her charge of discrimination with the Florida Commission on Human Relations (hereinafter FCHR) on or about January 15, 2011, alleging the "most recent discrimination took place" on December 14, 2010. Doc. 11-1, at 2. The FCHR

---

documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." Brooks, 116 F.3d at 1369, *quoting* Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."); Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005) (stating that in ruling on a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged), *cited in* SFM Holdings, Ltd. v. Banc of America Securities, LLC, 600 F.3d 1334, 1337 (11th Cir. 2010). A plaintiff is under no obligation to attach to her complaint documents upon which her action is based, but a defendant may introduce certain pertinent documents if the plaintiff failed to do so. Romani v. Shearson Lehman Hutton, 929 F.2d 875, 879 n.3 (1st Cir. 1991) (superseded by statute on other grounds). Here, the documents submitted by Defendant are central to Plaintiff's claim, Plaintiff has copies of these documents, and authenticity is not challenged. There was no need to convert the motion to dismiss into a motion for summary judgment in this instance.

concluded that there was no cause to belief an unlawful employment action occurred and issued a "No Cause" determination.  Doc. 11, Exhibits B and C.  Defendants advise that Plaintiff then filed a Petition for Relief and the case was referred to the Florida Division of Administrative Hearings (hereinafter DOAH).  Doc. 11, at 3.  Defendants do not indicate when the petition[5] was filed, but state that the Administrative Law Judge had already had two days of hearings, and the hearing was set to resume on May 31 and June 1, 2012.  *Id.* at fn. 1.  Plaintiff does not dispute those facts, but contends "[e]xtreme delays in reaching resolution by the state of Florida should not deny the Plaintiff of her right to sue in federal court."  Doc. 13, at 3.

"As a prerequisite to bringing a civil action based on a violation of the FCRA a plaintiff must file a complaint with the FCHR within 365 days of the alleged violation." Hawthorne v. Baptist Hosp. Inc., 2008 WL 5076991, at *4  (N.D. Fla. Nov. 24, 2008), *citing* Fla. Stat. § 760.11(1). "Florida law requires that claims of employment discrimination be investigated by the FCHR to determine if there is 'reasonable cause to believe that discriminatory practice has occurred in violation of the Florida Civil Rights Act of 1992.' "  FLA. STAT. § 760.11(3), *quoted in* Andela v. Univ. of Miami, 692 F.Supp.2d 1356, 1373 (S.D. Fla. 2010).  The exhaustion requirement is set forth in FLA. STAT. § 760.11:

> If the commission determines that there is not reasonable cause to believe that a violation of the Florida Civil Rights Act of 1992 has occurred, the commission shall dismiss the complaint. The aggrieved person may request an administrative hearing under ss. 120.569 and 120.57, but any such request must be made

---

[5] Judicial notice is taken that DOAH Case No: 11-3983 was initiated on August 9, 2011, and is currently pending.  The docket for the case reveals that a hearing was held on May 31, 2012, and transcripts were filed on June 18, 2012.  An order on the petition has not yet been entered as of this date.  *See* http://doah.state.fl.us.

within 35 days of the date of determination of reasonable cause and any such hearing shall be heard by an administrative law judge and not by the commission or a commissioner.

FLA. STAT. § 760.11(7) (2011).  Thereafter, the ALJ enters an order determining whether or not a violation of the FCRA occurred.  If the Commission determines that a violation occurred, an aggrieved person may bring a civil action within 1 year of the date of the final order.  FLA. STAT. § 760.11(7).  A "no cause determination, however, precludes a civil suit under the FCRA.  See Woodham v. Blue Cross & Blue Shield of Florida, Inc., 829 So.2d 891, 895 (Fla. 2002) (noting that "the FCRA differs from Title VII, its federal counterpart, in that a 'no cause' determination precludes a civil suit under the FCRA but not under Title VII.").

In this case, Plaintiff is still in the process of pursuing her administrative remedies.  After the issuance of a "no cause" determination by the FCHR on July 6, 2011, Plaintiff sought review by DOAH.  An order has not yet been entered in the case which is currently pending before DOAH, although at this point, hearings before the ALJ appear to have concluded.

Plaintiff's argument is recognized that she should not be denied access to this Court because of "[e]xtreme delays in reaching resolution" of her case.  Doc. 13, at 3.  It is true that the FCRA provides that "In the event that the commission fails to conciliate or determine whether there is reasonable cause on any complaint under this section within 180 days of the filing of the complaint, an aggrieved person may proceed under subsection (4), as if the commission determined that there was reasonable cause."  FLA. STAT. § 760.11(8).  Pursuant to § 760.11(4), however, a person must choose one of two possible options: "(a) Bring a civil action against the person named in the complaint in

any court of competent jurisdiction; or (b) Request an administrative hearing under ss. 120.569 and 120.57." FLA. STAT. § 760.11(4). Thus, Plaintiff could bring an action in ths Court *or* proceed with an administrative hearing, but she cannot do both simultaneously. As Plaintiff is proceeding with the administrative remedy, she must await that conclusion before filing her FCRA claim in federal court. Accordingly, Plaintiff's state law claim should be dismissed without prejudice as having been prematurely filed.

**Individual Defendants should be dismissed**

It is well established that relief pursuant to Title VII is against the employer, not individual employees. Dearth v. Collins, 441 F.3d 931, 933 (11th Cir. 2006); Hinson v. Clinch County Bd. of Educ., 231 F.3d 821, 827 (11th Cir. 2000); Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991). Should Plaintiff be successful in this action, any "relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." Cross v. State of Ala., State Dept. of Mental Health & Mental Retardation, 49 F.3d 1490, 1504 (11th Cir. 1995); Rioux v. City of Atlanta, 520 F.3d 1269, 1275, n.5 (11th Cir. 2008). As Plaintiff has named the Capital Regional Medical Center as a Defendant, there is no need to name individual employees as Defendants. Therefore, Defendants Neely, Whitt, Truitt, and Hester should be dismissed from this case.

**Untimeliness**

Defendants argue that some of Plaintiff's claims are barred because the "adverse actions" Plaintiff relies upon occurred more than 300 days before she filed her charge of discrimination with the EEOC. Doc. 11, at 5-6. Because Plaintiff filed her charge of

discrimination on January 15, 2011, Defendants contends that Plaintiff cannot rely upon "alleged adverse employment actions that predate March 21, 2010." Id. at 5.  The "limitations period begins to run from the time that the complainant knows or reasonably should know that the challenged act has occurred." McWilliams v. Escambia Cnty. Sch. Bd., 658 F.2d 326, 328 (5th Cir. Unit B, 1981), *quoted in* Ward v. Florida, 212 F.Supp.2d 1349, 1354 (N.D. Fla. 2002).  "The limitations periods, while guaranteeing the protection of the civil rights laws to those who promptly assert their rights, also protect employers from the burden of defending claims arising from employment decisions that are long past." Delaware State Coll. v. Ricks, 449 U.S. 250, 256-57, 101 S.Ct. 498, 503, 66 L.Ed.2d 431 (1980). The "proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful." Ricks, 449 U.S. at 258, 101 S.Ct. at 503 (citations omitted).

Where a party contends that there has been a "continuing violation"[6] such that the limitations period does not bar a claim concerning certain events, the Supreme Court noted that "[m]ere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." Id. at 257, 101 S.Ct. at 504.  To "recover for previous acts of discrimination which would otherwise be time-barred," an employed must meet the "burden of proving the existence of a substantial nexus

---

[6] "Under the continuing violation doctrine, '[i]f a series of discrete acts of discrimination continues into the statutory filing period, then the cause of action is considered timely filed.' " Coleman v. Clark Oil & Ref. Co., 568 F.Supp. 1035, 1040 (E.D. Wis. 1983), *quoted in* Roberts v. Gadsden Mem. Hosp., 835 F.2d 793, 799-800 (11th Cir. 1988).  "To revive the otherwise time-barred claim under the doctrine, however, it must be part of a pattern or continuing practice out of which the timely-filed incident arose." Roberts, 835 F.2d at 800, *citing* United Air Lines v. Evans, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977).

between the acts." Ward, 212 F.Supp.2d at 1355, *quoting* Roberts, 835 F.2d at 800. One factor to be considered "is whether the past act 'was sufficiently permanent in nature so as to 'trigger an employee's awareness of and duty to assert his or her rights.' Ward, 212 F.Supp.2d at 1355, *quoting* Roberts, 835 F.2d at 800.

    Here, Plaintiff alleged that in 2008, she filed a complaint internally with the Hospital alleging discrimination and wrongful termination.  Doc. 1, at 3.  Plaintiff was to be reinstated to her former position.  *Id.*  Plaintiff alleged that when she returned to work on August 11, 2008, she was "reassigned to work as a Radiology Technician, not as a Mammographer . . . ."  Doc. 1, ¶ 5.  Plaintiff alleged that such an assignment was tantamount to a demotion.  *Id.*  A demotion, like a failure to promote, is a separate and distinct act and "not the sort of 'series-of-related-acts' where it would not become apparent to the employee that she was being discriminated against until a pattern arose."  Lane v. Ogden Entm't, Inc., 13 F.Supp.2d 1261, 1271 (N.D. Ala. 1998).  This claim, occurring in 2008, cannot be saved under the continuing violation doctrine.

    Plaintiff's claims that on August 15, 2008, she received an excessive disciplinary action, that she was not provided a 90-day probation review but given a premature review and an adverse Performance Improvement Plan, that her shifts were change to 16-hour shifts instead of a 12-hour shift, and then her hours "were reduced to a single 12 hour shift", and an August 31, 2008, performance review should not be excluded.  Those claims, as presented within the complaint, could be viewed as a pattern of escalating retaliatory conduct and should not be dismissed as time barred.  The incidents were not one-time events, sufficiently permanent in nature so as to trigger Plaintiff's awareness of the need to assert her rights.  Roberts, 835 F.2d at 800, *citing*

Berry v. Bd of Supervisors of L.S.U., 715 F.2d 971, 981 (5th Cir. 1983), *cert. denied* 107 S.Ct. 232 (1986).  Plaintiff should not have waited to file her Charge of Discrimination with the EEOC concerning the 2008 alleged demotion, but the remainder of the claims may proceed in this case.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, doc. 11, be **GRANTED in part and DENIED in part**.  Plaintiff's state law claim brought pursuant to the Florida Civil Rights Act and the claim for racial discrimination should be **DISMISSED** for failure to exhaust administrative remedies, the Title VII claim should be **DISMISSED** as to the individual Defendants, but continue as to Capital Regional Medical Center, and the claim concerning Plaintiff's August 11, 2008, demotion should be **DISMISSED** as time barred.  If is further **RECOMMENDED** that the case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 12, 2012.


 S/    Charles A. Stampelos
 **CHARLES A. STAMPELOS**
 **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:12cv103-RH/CAS